**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IN RE: FTC CIVIL INVESTIGATIVE DEMAND ISSUED TO GOOGLE LLC

**UNDER SEAL PURSUANT TO 15 U.S.C. § 57b-2a(e)(2)**

Case No. 1:25-mc-00177-TNM

**FTC'S STATUS REPORT TO THE COURT**

The Federal Trade Commission ("FTC") hereby submits this status report regarding the non-disclosure order directed to Google LLC.

On December 12, 2025, the Court found, pursuant to Section 21A(c) of the FTC Act, 15 U.S.C. § 57b-2a(c), that the FTC had demonstrated reason to believe that Google's disclosure to the Investigation Subjects of the FTC's CID may cause an adverse result as defined in Section 21A(g) of the FTC Act, 15 U.S.C. § 57b-2a(g). Consequently, the Court issued an order prohibiting Google from disclosing the existence of the FTC's compulsory process for a period of 60 days. This initial 60-day period ended February 10, 2026. Section 21A(c)(1) of the FTC Act, 15 U.S.C. § 57b-2a(c)(1), authorizes this Court to extend its order prohibiting disclosure for periods of 30 days each, as long as the prohibition on disclosure does not continue in force for more than a total of nine months. On February 2, 2026, upon application by the FTC, the Court extended the non-disclosure order for an additional 30-day period, commencing February 10, 2026, and ending March 12, 2026. On March 4, 2026, upon application by the FTC, the Court extended the non-disclosure order for an additional 30-day period, commencing March 12, 2026, and ending April 11, 2026. On April 2, 2026, upon application by the FTC, the Court extended the non-disclosure order for an additional 30-day period, commencing on April 11, 2026, and ending May 11, 2026. On May 7, 2026, upon application by the FTC, the Court extended the non-disclosure order for an additional 30-day period, ending June 10, 2026. On June 8, 2026,



RECEIVED
AUG 11 2026
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

upon application by the FTC, the Court extended the non-disclosure order for an additional 30-day period, ending July 10, 2026. And on July 1, 2026, upon application by the FTC, the Court extended the non-disclosure order for an additional 30-day period, ending August 9, 2026.

The FTC now informs the Court that on August 3, 2026, the FTC filed an action in the United States District Court for the District of Arizona pursuant to Section 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 13(b) and 57b, Section 410(b) of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679h(b), Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105(b), Section 522(a) of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6822(a), Section 5(a) of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404(a), and Section 918(c) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693o(c), in a case styled *FTC v. Credit Glory LLC, et al.*, Case No. 2:26-cv-05387-SPL (D. Ariz.). The complaint names as defendants Credit Glory LLC (a Delaware company), Credit Glory LLC (a Wyoming company), Credit Glory LLC (a Nevada company), Credit Glory Inc., Credit Sage LLC, Joy Credit Software LLC, Clerk Credit Systems LLC, Clerk Credit Software LLC, Standard Scores LLC, Collection Payments LLC, Collections Dispute LLC, Collections Expert LLC, Collections Support LLC, Credit Cop LLC, Dispute Collection LLC, Glorious Credit LLC, Joyful Credit LLC, Alexander Brola, Liam Emery, Marko Petkovic, Joshusa Curtis, and David Naylor (many of whom were defined as the Investigation Subjects in this matter). The Complaint alleges that Defendants violated Section 5 of the FTC Act, 15 U.S.C § 45, CROA, 15 U.S.C. §§ 1679-1679l, the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310, Section 521 of the GLB Act, 15 U.S.C. § 6821, Section 4 of ROSCA, 15 U.S.C. § 8403, Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), and Section 1005.10(b) of Regulation E, 12 C.F.R. § 1005.10(b), in connection with their unlawful marketing of credit repair services.



... District of Columbia

Together with the Complaint, the FTC filed an *ex parte* motion for temporary restraining order ("TRO") with asset freeze, appointment of receiver, immediate access to business premises, and other equitable relief. On August 4, 20206, Judge Logan of the United States District Court for the District of Arizona granted the FTC's motion and entered the *ex parte* TRO, including freezing Defendants' assets and appointing a receiver over the corporate Defendants. On August 5, 2026, the FTC began serving Defendants with copies of the TRO, Complaint, and other pleadings, and the Receiver began his takeover of the corporate Defendants.

Accordingly, the FTC submits to the Court that the non-disclosure order has served its function. The non-disclosure order as to Google expired on its own terms on August 9, 2026, and does not need to be extended. Similarly, the seal on this action also has served its function, and the Court, in its discretion, may lift the seal and close this case.

Dated: August 11, 2026

Respectfully submitted,

Gregory A. Ashe (DC Bar #451552)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-3719
Email: gashe@ftc.gov

*Attorney for Applicant*
FEDERAL TRADE COMMISSION